MILLARD F. JONES, EMPLOYEE, v. PLANTERS NATIONAL BANK AND TRUST COMPANY, EMPLOYER, AND ROYAL INDEMNITY COMPANY, CARRIER.

(Filed 21 March, 1934.)

**1. Master and Servant F i—**

The finding of the Industrial Commission that claimant, at the time of his injury, was an employee is binding upon the courts when supported by competent evidence.

**2. Master and Servant F a—Evidence that claimant was employee held sufficient to support Commission's finding to that effect.**

Evidence that a bank cashier was required to do detailed and even manual labor as would be required of any other bank employee, and that

his name was on the bank pay roll submitted to insurer upon which premiums were based, and that the insurer was thereby estopped to deny that he was an employee *is held* sufficient to sustain the finding of the Industrial Commission that the cashier was an employee within the meaning of the Compensation Act.

3. **Master and Servant F b—Finding that claimant was injured by accident arising out of and in course of employment held sustained by evidence.**

Evidence that the cashier of a bank was injured in an automobile collision while on his way to another city under orders of his superior officer to obtain information in regard to the financing of the cotton crop for the use of the bank in its dealing with its customers in connection with their cotton, *is held* sufficient to support the finding of the Industrial Commission that claimant was injured by accident arising out of and in the course of his employment.

APPEAL by defendants from *Barnhill, J.*, at December Term, 1933, of NASH. Affirmed.

This was a claim under the North Carolina Workmen's Compensation Act, in which compensation is sought by Millard F. Jones for injuries sustained in an automobile accident on 29 October, 1931, while said Millard F. Jones was en route to Raleigh, N. C., to attend a meeting of a committee formed to give consideration to a plan for holding cotton off the market. At that time, the said Millard F. Jones was employed by the Planters National Bank and Trust Company of Rocky Mount, N. C., in the capacity of vice-president, cashier and trust officer, and his duties consisted of anything that was done in and around the average bank, at an average weekly wage exceeding $30.00 per week. The defendants admit that Millard F. Jones, an alleged employee, met with accident causing severe and serious personal injuries. They deny liability on the grounds that the accident did not arise out of and in the course of his employment or, if so, arose while he was engaged in performing executive duties. The case was first heard before Commissioner Dorsett, and compensation denied. The award of Commissioner Dorsett was reversed and compensation was granted by the full Commission.

"Opinion for the full Commission by Matt H. Allen, chairman, filed 20 February, 1933. Hearing before the full Commission at Raleigh, 16 November, 1932, plaintiff represented by J. P. Bunn, attorney, Rocky Mount, N. C., defendants by W. S. Wilkinson, attorney, Rocky Mount, N. C. This was an appeal to the full Commission from an award of Commissioner Dorsett denying compensation. There was little or no controversy between the parties as to the facts in this case. It appears from the evidence that the claimant, Millard F. Jones, at the time of his accident and injury was in the employ of the Planters National Bank and Trust Company of Rocky Mount as its cashier; that his duties

consisted of anything that was done in and around the average bank, such as clerical work, making loans, taking deposits, cashing checks, and consulting with customers about loans and investments and at times would supervise the general upkeep of the building and repairs; that J. C. Braswell was president of said bank and as such was the superior of the claimant; that on 29 October, 1931, the claimant was directed by Mr. J. C. Braswell, president of the defendant bank, to proceed to Raleigh, North Carolina, to obtain information pertaining to the handling of cotton for the customers of the bank and generally to discuss with other bankers the method of making loans upon cotton to the customers of the bank and to aid the financing of the cotton crop of that year through the aid of a Federal agency; that on said 29 October, 1931, while en route to Raleigh to attend the said meeting of the cotton committee of the Banker's Association, the claimant sustained an injury by accident."

"Commissioner Dorsett found the following facts: '(1) The plaintiff on 29 October, 1931, while regularly employed by the defendant, Planters National Bank and Trust Company, sustained an injury by accident as a result of an automobile wreck which occurred while he was en route to attend a meeting of the cotton committee for the purpose of procuring financial information for the use of the bank. (2) The accident arose out of and in the course of the plaintiff's employment. (3) The plaintiff was engaged in performing purely executive and administrative duties as cashier of the defendant bank at the time of the occurrence of the accident. (4) The salary of the plaintiff was included in the payroll reported to the Insurance Company and the premium was assessed thereon and paid by the bank. (5) The plaintiff was temporarily and totally disabled from 29 October, 1931, to 1 March, 1932. If he has sustained any permanent disability the amount of that disability cannot be ascertained at the present time. (6) The average weekly earnings of the plaintiff was in excess of $30.00. (7) The Royal Indemnity Company is the insurance carrier for the defendant Planters National Bank and Trust Company.' Upon the foregoing findings of fact Commissioner Dorsett concluded as a matter of law that the claimant was not entitled to recover under the ruling of the Supreme Court in the case of *Hodges v. Mortgage Co.,* 201 N. C., 701. The full Commission is of the opinion that the decision of the Supreme Court in the *Hodges case* does not preclude a recovery by the claimant in this case. In the *Hodges case* it affirmatively appeared that the salary or wages of Hodges were not listed on the payroll of the defendant company and that there was not insurance premium collected to cover Hodges as an employee, whereas, in the present case it appears from the undisputed evidence that the salary of this claimant was included in the payroll reported to the In-

surance Company and the premium was assessed thereon and paid by the employer of this claimant. Another distinction between the two cases is that the first paragraph of the decision of the *Hodges case* contains a statement by *Justice Brogden* that the question for consideration was 'Is an executive vice-president and managing head of a corporation an employee thereof within the contemplation of the Workmen's Compensation Act?' There is no such question presented in the case under consideration. It appears from the evidence that the chief executive and managing head of this defendant corporation was Mr. J. C. Braswell and that this claimant was expressly directed by the managing head to proceed to Raleigh to attend the conference. As we understand the *Hodges case,* the title of an officer does not determine the liability of a defendant for his injuries and we can conceive of cases where even the chief executive and managing head of a corporation might be entitled to compensation if his duties required that he perform manual or mechanical labor and he was injured while in the performance of such labor. According to the testimony of the claimant he performed ordinary detailed and even manual labor and such as would be required of any other bank employee and at the time of his injury he was following the express directions of his superior officer. Even if this were not true it would seem that the defendant insurance carrier, having received the name of this claimant as an employee of the defendant bank and having collected premiums based upon his payroll, has waived any question as to the status of the employee and it ought to be estopped to now claim that he is not an employee but the managing head of the corporation, and we so hold and find that Commissioner Dorsett erred in his conclusions of law. It is thereupon, ordered that the award of Commissioner Dorsett be and the same is hereby vacated and set aside and that an award issue providing for the payment of compensation to the claimant for temporary total disability at the rate of $18.00 per week from 29 October, 1931, to 1 March, 1932, together with all hospital and medical bills, and that this cause be retained for further hearing to determine any permanent disability that the claimant may have sustained. Matt H. Allen, chairman, for the full Commission."

"Before the full Commission, Raleigh, N. C., 21 February, 1933. Award: You, and each of you, are hereby notified that a hearing in the above entitled case was held before the full Commission on 16 November, 1932, Raleigh, N. C., and a decision thereupon was rendered by Chairman Matt H. Allen, for the full Commission, on 20 February, 1933, in which an award was ordered and adjudged as follows: Upon the finding that the salary of the plaintiff was included in the payroll of the defendant bank as an employee and a premium was assessed and paid thereon the carrier is estopped from denying that the plaintiff was

an employee of the bank. Further, upon the finding that the plaintiff sustained an injury by accident arising out of and in the course of his employment, and was temporarily totally disabled from 29 October, 1931, to 1 March, 1932, the award heretofore issued on 3 November, 1932, is vacated and set aside and the defendants will pay plaintiff compensation at the rate of $18.00 per week from 29 October, 1931, to 1 March, 1932. The case will be retained to determine if any permanent disability exists. Defendants to pay costs of medical and hospital treatment. Defendants to pay costs of hearing. North Carolina Industrial Commission. By: Matt H. Allen, chairman."

An appeal was taken to the Superior Court by defendants. The court below sustained the findings of the full Commission and in the judgment is the following: "It is, therefore, ordered and adjudged that the award of the full Commission be, and the same is hereby, ratified, confirmed and approved."

The defendants excepted to the judgment of the court below and assigned the following errors: "For that, the court erred in sustaining the North Carolina Industrial Commission in finding that the injuries sustained by Millard F. Jones were the result of an accident, arising out of and in the course of his regular employment, said Millard F. Jones not being engaged in the business of his employer at the time of the accident or, if so engaged, was performing executive duties and was therefore, for the time being, not an employee within the purview of the Workmen's Compensation Act."

"For that, the court erred in sustaining the conclusions of law of the North Carolina Industrial Commission, and in affirming and signing judgment herein rendered in this cause."

*J. P. Bunn, O. B. Moss and Battle & Winslow for Millard F. Jones, employee.*

*W. S. Wilkinson for defendants, appellants.*

CLARKSON, J. The questions involved: (1) Was the plaintiff at the time of his injury, an employee of the defendant bank? (2) Did his injury, by accident arise out of and in the course of his employment within the meaning of the Workmen's Compensation Act? We think both of the questions must be answered in the affirmative. As to the first question: It is a well settled rule in this jurisdiction that if there is any sufficient competent evidence to support the findings of fact of the Industrial Commission, although this Court may disagree with such findings, the Court will sustain the findings of fact made by the Commission. *Massey v. Board of Education* 204 N. C., 193 (196).

In *Hodges v. Mortgage Co.,* 201 N. C., 701 (706), it is said: "Hence, one of the fundamental tests of the right to compensation is not the

title of the injured person, but the nature and quality of the act he is performing at the time of the injury. This theory is undoubtedly sound. Certainly it is supported by the weight of authority." *Hunter v. Auto Co.*, 204 N. C., 723 (725).

It is found as a fact by the Industrial Commission and approved by the court below: "According to the testimony of the claimant he performed ordinary detailed and even manual labor and such as would be required of any other bank employee and at the time of his injury, he was following the express directions of his superior officer. Even if this were not true, it would seem that the defendant insurance carrier, having received the name of this claimant as an employee of the defendant bank and having collected premiums based upon his payroll, has waived any question as to the status of the employee and it ought to be estopped to now claim that he is not an employee but the managing head of the corporation, and we so hold."

In *Reeves v. Parker-Graham-Sexton, Inc.*, 199 N. C., 236 (240), we find: "The defendant, Travelers Insurance Company, having been paid the premium by defendant Parker-Graham-Sexton, Inc., employer, to pay compensation in death cases where there are no dependents, as in the present case, is hardly in a position to complain." *McPherson v. Motor Sales Corp.*, 201 N. C., 303 (309); *Columbia Casualty Co. v. Industrial Commission*, 200 Wis., 8, 227 N. W., 292; *Maryland Casualty Co. v. Wells*, 35 Ga. App., 759, 134 S. E., 788; *Kennedy v. Kennedy*, 163 N. Y. Supp., 944; *Strang v. Electric Co.*, 8 N. J. Mis. R., 873; 152 Atl., 242; *Republic Casualty Co. v. Industrial Commission*, 322 Ill., 169, 152 N. E., 479.

As to the second question: "Did his injury by accident, arise out of and in the course of his employment?" The facts found by the hearing Commissioner and approved by the full Commission: "The plaintiff on 29 October, 1931, while regularly employed by the defendant, Planters National Bank and Trust Company, sustained an injury by accident as a result of an automobile wreck which occurred while he was en route to attend a meeting of the cotton committee for the purpose of procuring financial information for the use of the bank. The accident arose out of and in the course of the plaintiff's employment." The case of *Williams v. Mills, Inc.*, 203 N. C., 848, was a *Per Curiam* opinion: "This is an appeal from a judgment of the Superior Court sustaining an award of the Industrial Commission in behalf of the plaintiff. The intestate, D. C. Williams, in a collision of automobiles suffered injury which caused his death. The Industrial Commission found that his injury arose out of and in the course of his employment. This finding is contested by the appellant. There is evidence tending to sustain the findings upon which the award was based. The judgment of the Superior Court is affirmed."

We have examined the facts in this case—although not set forth in the opinion—and find them similar to the present case.

We think the evidence was sufficient to sustain the finding of fact by the Industrial Commission and approved by the court below, that plaintiff on the trip when he sustained the injury "while he was en route to attend a meeting of the cotton committee for the purpose of procuring financial information *for the use of the bank.*" The judgment of the court below is

Affirmed.