SAUTE MION, FATHER, AND TERESA MION, MOTHER OF ALFRED MION, EMPLOYEE, DECEASED, v. ATLANTIC MARBLE & TILE COMPANY, INC., EMPLOYER; UNITED STATES CASUALTY COMPANY, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER.

(Filed 8 June, 1940.)

1. **Master and Servant § 40f—Injury sustained while employee was returning from project to office to check out held within course of employment.**

     The evidence tended to show that defendant's employees were required to check in at the office in the morning, were then transported to the job, and after completion of the day's work were transported back to the office where they received instructions as to the next day's work before checking out, their working time being computed from the time of checking in until the time of checking out, that on the date in question they were carried to the job in a truck, but that the president's car was sent to bring them back because of rain, that when the employee in question started to get in the car there were already six persons, including the driver, in the car, that the foreman said he could crowd in the car or

ride in with another employee who was driving his own car, and that the employee was fatally injured in an accident occurring after they had reached the city in which plaintiff's place of business was maintained and while they were on their way to defendant's office to check out. *Held:* The evidence is sufficient to support the finding of the Industrial Commission that death resulted from an accident arising out of and in the course of the employment, the general rule of nonliability for an accident occurring while an employee is being transported to or from work in a conveyance of a third person over which the employer has no control, not being applicable upon the evidence in this case.

**2. Master and Servant § 45b—Evidence held to support finding that risk was covered by policy embracing liability under the North Carolina Compensation Act.**

Defendant employer was engaged in business in both North and South Carolina, but its one office is situate in a city in North Carolina. The employee in question resided in that city and the contract of employment was executed in this State. On the day in question the employee, after reporting to defendant's office, was transported by the employer to a job in South Carolina, and was fatally injured in an accident occurring in North Carolina while he was returning to the employer's office to check out in the course of his employment. Defendant insurer wrote two policies, one covering work performed in North Carolina and the other work performed in South Carolina. The policies had different expiration dates and neither was renewed, the employer taking out a policy in another company covering its liability, but the accident occurred while the policy covering the operations in North Carolina was still in force. *Held:* The evidence supports the Commission's finding that defendant insurer is liable under the policy covering operations in North Carolina which provided for the payment of claims incident to or connected with the business operations of the employer conducted from its office in this State and for which it is liable under the North Carolina Compensation Act.

**3. Master and Servant § 41a—Commission's finding of average weekly wage held not supported by the evidence.**

The employee in question was employed practically continuously for thirty-three weeks prior to the injury resulting in death, but during that period his wages were twice increased. *Held:* In the absence of a finding supported by evidence that the average weekly wage for the entire period of employment would be unfair, compensation should have been based thereon, and the computation of the average weekly wage on the basis of the wage during the period after the last increase in pay is not supported by the evidence. Chapter 120, Public Laws of 1929, sec. 2 (e).

APPEAL by defendants Atlantic Marble & Tile Company, Inc., Employer, and United States Casualty Company, Carrier, from *Olive, Special Judge,* at 5 February, 1940, Extra Regular Term, of MECKLENBURG.

Proceeding under the North Carolina Workmen's Compensation Act, Public Laws 1929, chapter 120, as amended, for an award of compensation for death of Alfred Mion resulting from alleged injury by accident

arising out of and in the course of his employment by defendant Atlantic Marble & Tile Company, Inc.

The hearing Commissioner finds as facts pertinent to the appeal substantially these: (1) That the defendant Atlantic Marble & Tile Company is bound by the provisions of the North Carolina Workmen's Compensation Act, and has more than five employees, and that the average weekly wage of deceased, Alfred Mion, was $27.50; (2) that on 1 August, 1938, the defendant United States Casualty Company was the compensation insurance carrier for the Atlantic Marble & Tile Company in the State of North Carolina, and the defendant American Mutual Liability Insurance Company was such carrier in the State of South Carolina; (3) that on and for several months prior to 1 August, 1938, the deceased, Alfred Mion, a resident of the city of Charlotte, North Carolina, was employed by the Atlantic Marble & Tile Company in Charlotte under contract of employment for work to be performed in North Carolina, South Carolina, and any other state to which the employer might desire to send him, and, pursuant thereto, had been working in North Carolina and elsewhere; (4) that on the morning of 1 August, 1938, the defendant Atlantic Marble & Tile Company, having a contract to do some work on a residence in South Carolina, known as the Johnson Home, sent the deceased, Alfred Mion, in company with five or six other fellow employees, in the company's conveyance to the Curtis B. Johnson residence in South Carolina, where the deceased worked that day, that defendant Atlantic Marble & Tile Company sent its conveyance to bring the employees back to Charlotte at quitting time in the evening of said day, but on account of the conveyance "not being very large and . . . the employees would be somewhat cramped therein, the deceased, Alfred Mion, elected to ride back to Charlotte in the private car of a fellow employee, Albert Boldrini, and that after he had reached the city limits of Charlotte, the car, being driven at the time by Albert Boldrini, was wrecked and the deceased, Alfred Mion, received injuries resulting in his death"; (5) that the employment of deceased for the day did not terminate until he had reached the office of the Atlantic Marble & Tile Company in Charlotte; that he had not reached said office but was on his way thereto when he received the injury resulting in his death; and that such injury arose out of and in the course of his employment.

The hearing Commissioner states that he thinks the findings of fact thus far are not controverted, but that the main controversy seems to be between the American Mutual Liability Insurance Company and the United States Casualty Company as to which of them shall be required to pay for the death of the deceased. With regard thereto, the hearing Commissioner makes these further findings of fact: (6) That the American Mutual Liability Insurance Company was the insurance carrier for

the Atlantic Marble & Tile Company in South Carolina, and on the job where the deceased worked during the day of 1 August, 1938, and that the United States Casualty Company did not receive any premium on any insurance on the Johnson job in South Carolina; (7) that the United States Casualty Company was the compensation insurance carrier for the Atlantic Marble & Tile Company in North Carolina on 1 August, 1938, and that the American Mutual Liability Insurance Company did not receive any premium for any insurance of the Atlantic Marble & Tile Company in North Carolina on said date.

Thereupon, regarding the question as to whether the Industrial Commission of South Carolina or that of North Carolina has jurisdiction, the hearing Commissioner finds "as a fact and concludes as a matter of law under the facts in this case that the North Carolina Industrial Commission has jurisdiction."

From an award in accordance with these facts and conclusions of law, the defendants Atlantic Marble & Tile Company and the United States Casualty Company petitioned for review by the Full Commission on the ground: "(1) That the decision and award of the North Carolina Industrial Commission in this cause, dated April 24, 1939, and each and every finding of fact therein set forth, is unsupported by any competent evidence and is contrary to the weight of the whole evidence; (2) that the aforesaid award and each conclusion of law therein set forth is unsupported by any valid finding of fact based upon any competent evidence; and (3) that the aforesaid decision and award is erroneous in fact and in law."

After hearing on review the Full Commission, concurring in the opinion that North Carolina has jurisdiction and that the United States Casualty Company is the carrier, affirmed the finding of fact, conclusions of law and award of the hearing Commissioner.

In due time the defendants Atlantic Marble & Tile Company and United States Casualty Company excepted to the award of the North Carolina Industrial Commission, and appealed to the Superior Court of Mecklenburg County, North Carolina, specifying particular exceptions, upon hearing of which the judge presiding signed judgment affirming the award of the Full Commission. Said defendants appeal therefrom to the Supreme Court, and assign error.

*Gover & Covington and Hugh L. Lobdell for plaintiffs, appellees.*

*Guthrie, Pierce & Blakeney for employer, appellant.*

*Helms & Mullis for United States Casualty Company, defendant, appellant.*

*J. Laurence Jones and James L. DeLaney for defendant American Mutual Liability Insurance Company, appellee.*

WINBORNE, J.  Upon the evidence appearing in the record on this appeal, the findings of fact upon which the award of the Industrial Commission as affirmed by judgment of the Superior Court is based, appears to be supported by the evidence except with respect to the average weekly wage.  We consider the questions in order:

1. Is there sufficient evidence to support the finding of fact that the injury to Alfred Mion, admittedly by accident and resulting in his death, arose out of and in the course of his employment by the Atlantic Marble & Tile Company within the meaning of the North Carolina Workmen's Compensation Act?  Public Laws 1929, chapter 120, as amended.  We are of opinion and hold that there is.

As of the date of the happening of the accident, 1 August, 1938, the evidence tends to show, among others, these pertinent facts: The Atlantic Marble & Tile Company, whose only office was in Charlotte, North Carolina, had a contract to do tile work in the Curtis Johnson residence in the State of South Carolina, about fifteen miles from Charlotte.  It had six men at work there, Albert Calvinson, foreman, Alfred Mion and four others.  These employees on the morning of that day were transported by the company from its office in Charlotte—the foreman and two others in a truck, and Mion and another in the president's sedan, but Albert Boldrini went in his own Ford.  At the close of work for the day on the job, the company was supposed to furnish transportation from the job to the office.  For that purpose the foreman told the driver of the truck to be at the place of the job around 4:30 p.m., but as it was raining he came in the president's sedan.  When Alfred Mion came to the car to begin the return trip to Charlotte, six, including the driver, were already in same.  There was not any room for him unless he sat in the lap of one of the others.  However, the foreman testified that when Mion came up "I said, Come on if you want to sit in somebody's lap, if you want to ride here but if you want to ride with Boldrini.  I suggested that he ride with Boldrini."  Thereupon, Mion rode with Boldrini in his car.  The wreck occurred in North Carolina on the way to and before reaching the office of the company, and Mion was killed.

The evidence further tends to show that it was customary for Mion and other employees to report to and check in at the office in the morning, and to return there at the close of the day to get instructions as to where he or they should work the next day, and then to check out.  They were paid wages for the time intervening.  Mion was in the act of returning to the office to get instructions for the next day and to check out when he was killed.

In the light of this evidence this case does not come within the rule that ordinarily injury by accident, while the employee is going to or returning from his work in a conveyance of a third person over which

the employer has no control, does not arise out of or in the course of his employment. See *Smith v. Gastonia,* 216 N. C., 517, 5 S. E. (2d), 540, and cases cited. But, rather, the evidence tends to show that at the time of the accident Mion was actually in the course of his employment, performing a part of his duty thereunder and for which he was being paid the same as when actually laying tile. Also, from the suggestion of the foreman it may be inferred that the employer thereby undertook to perform its obligation to transport Mion to the office in Boldrini's car. The cases of *Hunt v. State,* 201 N. C., 707, 161 S. E., 203, and *Martin v. State Highway Board* (Ga.), 189 S. E., 614, relied upon by appellants are distinguishable from the present case.

2. Is there evidence sufficient to support the findings of fact and award as against the United States Casualty Company? We are of opinion and hold that there is.

There is evidence tending to show that: Prior to 5 June, 1938, Atlantic Marble & Tile Company carried workmen's compensation insurance in the United States Casualty Company covering its liability in each of the States of South Carolina and North Carolina—the policy for South Carolina expiring on 5 June, 1938, and that for North Carolina on 5 September, 1938. As these policies expired neither was renewed. But, in lieu thereof, the Atlantic Marble & Tile Company first took out a policy, dated 5 June, 1938, in the American Mutual Liability Insurance Company to cover its workmen's compensation liability in the State of South Carolina effective on that date, and then by rider attached to the said policy for South Carolina, extended the coverage so as to include its workmen's compensation liability in the State of North Carolina—effective 5 September, 1938. There is conflict of evidence as to whether this rider stated the effective date to be 5 June, 1938, or 5 September, 1938. The Commission makes no specific finding on the question. However, regarding what it terms "the main controversy . . . as to which of the two insurance companies shall be required to pay for the death of the deceased," by finding that the United States Casualty Company was the compensation insurance carrier in North Carolina on 1 August, 1938, the Commission finds inferentially that this rider was not a part of the American Mutual Liability Insurance Company policy on that date.

By the terms of the policy in question issued by the United States Casualty Company, a standard workmen's compensation and employer's liability policy, that company in effect agreed with the Atlantic Marble & Tile Company, as respects personal injuries sustained by employees, including death at any time resulting therefrom, to pay to any person entitled thereto under the North Carolina Workmen's Compensation Act, as amended, and in the manner therein provided, "the entire amount of

any sum due, and all installments thereof as they become due." It is provided in the policy that: "This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places." The business operations are described in the declaration in this manner: "Item 3. Locations of all factories, shops, yards, buildings, premises or other work places of this Employer, by Town or City, with Street and Number: Charlotte, North Carolina, and Elsewhere in North Carolina. All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer: 1.—All industrial operations upon the premises. 2.—All office forces. 3.—All repairs or alterations to premises. 4.—Operations not on the premises."

Pertinent evidence is sufficient to bring the instant case within these terms of the policy. It tends to show that the office of the employer was in Charlotte, North Carolina; that it was customary for employees to check in at the office at the time of beginning work for the day, and to return to the office at the close of the day to receive instructions for the next day, and then to check out—the employees being paid wages for the time intervening—and that, though he had laid tile in South Carolina during the day, Alfred Mion, at the time of the accident in which he received injury resulting in his death, was in North Carolina and on the way to the office to check out. A reasonable inference from this evidence is that at the time of the accident Alfred Mion was in the performance of a duty incident to or connected with the business operations of the company conducted from the office in "Charlotte, North Carolina, and elsewhere in North Carolina."

But the United States Casualty Company contends that the evidence shows that the returning to the office in Charlotte was incident to the operations in South Carolina and covered by the standard policy issued by the American Mutual Liability Insurance Company. While that may be true, and the Industrial Commission might have so found the facts, yet the Commission, upon evidence reasonably susceptible of the inference, has in effect found otherwise. Hence, it is unnecessary to consider other contentions of the Casualty Company.

3. The exception of appellants to the finding of fact that the average weekly wage of Alfred Mion was $27.50, as well as to the conclusion of

law and award based thereon, is well taken. The evidence fails to support it. The North Carolina Workmen's Compensation Act, ch. 120, Public Laws 1929, sec. 2 (e), in defining "Average weekly wages" within the meaning of the act, provides that: "Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided results fair and just to both parties will be thereby obtained. . . . But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing the average weekly wage may be resorted to as will most nearly approximate the amount the injured employee would be earning were it not for the injury."

The evidence shows that Alfred Mion, who came to North Carolina from Pennsylvania, where he was unemployed, entered the employment of Atlantic Marble & Tile Company in the early part of December, 1937, and continued in such employment regularly, except for two or three days at a time, until the date of his death; that he was paid wages at the rate of forty cents per hour during the first two weeks, of fifty cents per hour during the next twenty-four weeks, and of sixty cents per hour during the next seven weeks—those immediately preceding his death; that the wages paid to him during that period averaged approximately $23.00—in fact, witness for claimant states it to be that amount; and that the wages, calculated on the basis of the average wage per hour for the last seven weeks, is $27.50. There is no finding that under the method provided as stated above for ascertaining the average weekly wage, the results here would be unfair to both parties, nor is there evidence tending to show such state of facts.

The factual situation here is distinguishable from *Munford v. Construction Co.,* 203 N. C., 247, 165 S. E., 696.

The case is remanded for correction of error indicated.

Error and remanded.