FLORENCE WARREN, PLAINTIFF EMPLOYEE v. CITY OF WILMINGTON, EMPLOYER, TRAVELERS INSURANCE COMPANY, CARRIER DEFENDANTS

No. 7910IC133

(Filed 20 November 1979)

**Master and Servant § 62.2— workmen's compensation—accident between meeting place and home—deviation from direct route—accident arising out of and in course of employment**

Plaintiff's accident as she was returning to her home to write a report about a meeting she had attended arose out of and in the course of her employment as a community coordinator, although she made a substantial deviation from the most direct route between the meeting place and her home, where plaintiff's time traveling to and from meetings in the community and writing reports of the meetings was counted toward her work hours; plaintiff was permitted to take whatever route home she chose as long as she was within her work area; and plaintiff took the indirect route in order to avoid heavier traffic.

Judge HILL dissenting.

APPEAL by plaintiff from an order of the North Carolina Industrial Commission entered 8 December 1978. Heard in the Court of Appeals 16 October 1979.

The Commission's findings of fact are as follows:

"1. Plaintiff is a female and was on November 26, 1977 employed with the defendant employer as a community coordinator. Plaintiff would meet with the citizens in a community and local problems would be discussed.

2. On November 26, 1976 the plaintiff had scheduled a meeting at a church in Sunset Park in Wilmington. Her superior knew about the meeting and had knowledge of other meetings the plaintiff had scheduled on other occasions. Plaintiff would review the material that was to be discussed at her home and she had done this on other occasions when meetings were held. This arrangement was known and consented to by her superiors.

3. On November 26, 1977, a holiday, the plaintiff went from her home to the church at Sunset Park to attend the meeting, this being after 5:00 p.m. Only one person showed up. She waited about fifteen minutes and then left to go to

her home, which was about 5:30 p.m. Plaintiff was going to her home to make a report about the meeting. The route she took, however, was to swing in a loop and then go north along the waterfront of the river passing the street she lived on by approximately eight or nine blocks and at a point some ten blocks to the west, and then she turned to the east toward the northern section of the city, being close to a mile north of her home. At this point at the intersection of 5th and Red Cross Street she was involved in an automobile accident receiving serious injury.

4. The direct route to the plaintiff's home would have been approximately half a mile or more to the west and was at least half a mile or more northerly when she started going east. Plaintiff was permitted to take whatever route she chose to go to her home as long as she was in her work area. Plaintiff was not on a direct route to her home from Sunset Park when the accident occurred. Plaintiff furnished her own vehicle, paid for her gas, and did not receive a mileage allowance. The reason the plaintiff took the indirect route going to her home was because traffic was much heavier on the direct route to her home.

5. Plaintiff's supervisor requested plaintiff to work after regular working hours and sometimes on Sundays and holidays because a lot of people in the plaintiff's area could not attend meeting at any other time. Plaintiff was not paid for working beyond her regular working hours. Her regular working hours being approximately from 8:00 a.m. to 5:30 p.m.

6. Plaintiff did not take the direct route to her home and in fact there was a substantial deviation and departure from the route to her home from the church to where the accident occurred.

7. While the plaintiff sustained an injury by accident on November 26, 1977 it did not arise out of and in the course of her employment."

The Commission concluded as a matter of law that the accident did not arise out of and in the course of her employment with defendant on 26 November 1977.

*Hunoval and Fullwood, by Ernest B. Fullwood, for plaintiff appellant.*

*Crossley and Johnson, by John F. Crossley, for defendant appellee.*

VAUGHN, Judge.

Plaintiff excepts to the sixth and seventh findings of fact and the conclusion of law. She contends the Commission erred in concluding as a matter of fact and as a matter of law that she did not sustain an "injury by accident arising out of and in the course of employment." G.S. 97-2(6). We agree with plaintiff and conclude that the Commission's findings of fact (to which defendants did not except) disclose that plaintiff's injury is covered by the North Carolina Workmen's Compensation Act. G.S. 97-1 *et seq.*

> "Whether the accident grew out of the employment is a mixed question of law and fact which the court had the right to review on appeal. If the detailed findings of fact forced a conclusion opposite that reached by the commission, it was the duty of the court to reverse the commission." *Alford v. Chevrolet Co.*, 246 N.C. 214, 216, 97 S.E. 2d 869, 871 (1957).

For a compensable injury to exist, the two related but different ideas embodied in the phrase "arising out of and in the course of employment" must be present on the facts of the particular case. "Arising out of" the employment is construed to require that the injury be incurred because of a condition or risk created by the job. There must be a causal relation between the job and the injury. "In the course of the employment" is construed to refer to the time, place and circumstances under which the accident occurs. *Hinkle v. Lexington*, 239 N.C. 105, 79 S.E. 2d 220 (1953).

Generally, the Workmen's Compensation Act does not cover injuries that occur while the employee is going to or returning from his work. Here, however, plaintiff's job required her to travel from her place of work to various places about the community. The job exposed her to the risk of travel. She was required to work nights and holidays. Often these were the only times the people with which plaintiff worked could meet with her. She was required to write reports. The report writing time

and the time traveling to and from meetings was counted towards her work hours. Going to and from the meetings was a part of plaintiff's job duties for which she was paid the same as when actually in the office or at community meetings. There is no suggestion that plaintiff was on a personal errand when the accident occurred. Plaintiff's accident on a city street as she was returning home to write a report about the meeting she had just attended was an accident in the course of her employment. *Mion v. Marble & Tile Co., Inc.*, 217 N.C. 743, 9 S.E. 2d 501 (1940).

The denial of plaintiff's claim was apparently based on the Commission's finding that plaintiff made a substantial deviation from the most direct route between the meeting place to plaintiff's next destination. The factual finding that plaintiff did not take the most direct route does not, standing alone as it does, support the conclusion that there was a deviation from the course of her employment. The Commission expressly found that plaintiff was permitted to take whatever route she chose so long as she was within her work area and that she took the indirect route in order to avoid heavier traffic. These findings negate any notion that the failure to select the most direct route was a deviation from the scope of plaintiff's employment.

The Commission's findings of fact compel the conclusion of law that plaintiff was upon the public street on a mission for her employer and was injured in an accident which arose out of and in the course of her employment. *Wesley v. Lea*, 252 N.C. 540, 114 S.E. 2d 350 (1960); *Hinkle v. Lexington, supra; Martin v. Georgia-Pacific Corp.*, 5 N.C. App. 37, 167 S.E. 2d 790 (1969).

The opinion and award of the Commission is reversed, and the case is remanded for entry of an award consistent with this opinion.

Reversed and remanded.

Judge ERWIN concurs.

Judge HILL dissents.

Judge HILL dissenting.

There was ample evidence to support the Commissioner's findings. Plaintiff was not necessarily obligated to take the most direct route from the church to her home. In this case, however, she swung a loop which was nine blocks north of and fourteen blocks west of her home. By inference, she would have to return south nine blocks and eastward fourteen blocks to arrive at her home. A map of the town was used by the Commissioner to show that plaintiff traveled several miles out of the way rather than approximately one-fourth mile in a direct route to her home. Her route was through the downtown area and substantially past her home. Plaintiff agreed that this was a holiday with no traffic or less than usual traffic, and this defeats her argument as to why she took the "out-of-way" route.

Taking all of the testimony of the plaintiff and her witness into account, together with the physical facts, it is a reasonable, fair, and honest assumption that the plaintiff was on a personal objective and that it was a deviation from her employment. *See Alford v. Chevrolet Co.*, 246 N.C. 214, 97 S.E. 2d 869 (1957), *citing Withers v. Black*, 230 N.C. 428, 58 S.E. 2d 668 (1949). The Hearing Commissioner so found by his order; the Full Commission ratified the order and by doing so ratified his finding. I dissent from the opinion of this Court and concur with the order entered by the Commission.