I respectfully dissent from the Opinion and Award of the Full Commission for the following reasons:
Initially it is noted that there is no existing case law or statutory authority providing for workers' compensation which is specifically applicable to the facts of this case. However, the facts before us provide an opportunity to examine what I perceive to be a deficiency in the current statutory language regarding compensation for voluntary fire fighters injured while traveling to or from the workplace.
The primary argument in favor of providing a means of compensating for injury those who voluntarily expose themselves to risk for the benefit of the public good is one of simple fairness and equity. Under N.C. Gen. Stat. § 143-166 et. seq., the legislature deemed such "hazardous public service" sufficient to warrant a system to provide benefits to dependents of those killed in the discharge of their official duties. N.C. Gen. Stat. §143-166.1. Pursuant to the requirements of the Act, plaintiff in this case would have been eligible for benefits had he been killed in the accident, rather than merely injured. N.C. Gen. Stat. §143-166.2(f) (includes as "official duties," "while en route to, . . . or returning from training . . .).
Given the stated legislative purpose of providing benefits in case of death, it strains the limits of credulity to interpret the absence of language supporting compensation for injury to indicate an affirmative decision to deny it. This position is further bolstered by language contained in N.C. Gen. Stat. § 97-2(5), which contemplates the computation of average weekly wages for volunteer firemen who experience a "disabling injury" or death under compensable circumstances. By including both possibilities, it may be construed that the legislature intended to provide a system of benefits for injury under the Act, subject to the parameters listed in Chapter 143. Certainly this interpretation provides a more equitable result than the contrary.
There is case law from other jurisdictions which has reached similar conclusions. In Colorado Civil Air Patrol v. Hagans,662 P.2d 194 (Colo.Ct.App. 1983), plaintiff was a non-compensated volunteer member of a search and rescue operation who was injured while returning home from a mandatory training meeting. The Colorado Court held that because the only reason for the plaintiff's travel was to attend the mandatory meeting, the injury arose out of and in the course of the necessary activities of his employment. The same is true in the case before us. The training session attended by plaintiff was mandatory and a necessity for maintaining his status as a volunteer fire fighter. As such, injuries sustained while en route to or from the session should be compensable as arising out of and in the course of employment. This is especially true when examined in the light of a clear public policy favoring encouragement of this type of voluntary public service.
An additional avenue of providing volunteer fire fighters compensation for injuries incurred under circumstances similar to those in this case is available, involving the creation of a "special errand" exception to the general going and coming exclusion relied upon in the Opinion and Award.
The general rule is that "an injury suffered by an employee while going to or coming from work is not an injury arising out of and in the course of employment." Felton v. Hospital Guild,57 N.C. App. 33, 34, 291 S.E.2d 158, 159, affirmed, 307 N.C. 121,296 S.E.2d 297 (1982). Under the special errand exception to this rule, employees who are required by their employment to travel away from the employer's premises are held to be within the course of employment while in transit unless a specific departure for a personal errand is demonstrated. Kirk v. N.C. Dept of Correction,121 N.C. App. 129, 465 S.E.2d 301 (1995). I contend that in the case of volunteer fire fighters, they are not employees of the fire station, nor do the stations constitute "employer's premises." Therefore, every time a fire fighter travels in furtherance of his employment, the special errand exception should apply.
The Court of Appeals has defined the concept of being "at work" as "being at a particular place, the usual and customary place where one is employed, as well as performing particular tasks, the usual and customary duties that one is employed to perform." Walker v. Durham Life Ins. Co., 90 N.C. App. 191, 195,368 S.E.2d 43, ___, (1988). This definition does not fit volunteer fire fighters in general, or plaintiff in this specific case.
As a volunteer, it is questionable whether plaintiff may be considered to be "employed" by the State. Generally, employment is established by a contract trading services for compensation. Under N.C. Gen. Stat. § 97-2(2), persons who volunteer for public service are not included in the definition of the term employee. If plaintiff is not employed in the traditional sense, he should not be subject to the traditional limitations imposed on employees. Furthermore, there is no evidence that plaintiff spent any time at the fire station as a regular place of employment, but only that the station served as a storage facility for equipment and a meeting place from which to travel to the site of the current emergency. There is no evidence that plaintiff performed any particular tasks at the fire station beyond presiding over the monthly training sessions, or that he regularly appeared at the station at times other than when called on in an emergency. Rather, the evidence presented tends to show that plaintiff's performance of his duties as a fire fighter were only performed on the site of the particular emergency to which he had been dispatched. The only other times which plaintiff was present at the station, were during those training sessions required for him to continue his volunteer service. I do not believe this is sufficient to establish the station as a place of employment for purposes of invoking the going and coming rule.
If it is accepted that plaintiff is not an employee of the fire station, and/or that the station itself does not constitute a place of employment, then each time the volunteer fire fighter travels to or from a fire fighting related task, he is engaged in a special errand for the State. As such, he is entitled to compensation for injuries incurred on those travels.
For these reasons, I vote to award compensation to plaintiff for injuries sustained in the accident which occurred on 18 April 1995.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER