BETTY B. FORTNER, EMPLOYEE, PLAINTIFF v. J. K. HOLDING COMPANY, EMPLOYER, AND AMERICAN INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8610IC216

(Filed 21 October 1986)

**Master and Servant § 55.4— workers' compensation—fall while hanging plants—no accident arising out of and in course of employment**

 Plaintiff's accidental injury did not arise out of and in the course of her employment where the evidence tended to show that she was instructed to pack up office materials, dispose of plants, and close the office permanently; at 3:00 in the afternoon, before she had completed her duties, she took the plants to her house and attempted to hang them; in the process she fell from a chair onto a cement floor and injured her hip; and plaintiff's decision to take the plants to her home and hang them on her porch during working hours was motivated by purely personal considerations and did not result in any substantial benefit to her employer.

 Judge PHILLIPS dissenting.

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission entered 19 November 1985. Heard in the Court of Appeals 21 August 1986.

On and before 31 August 1984, plaintiff was employed by J. K. Holding Company, a corporation owned by J. C. Kivett, as the sole employee of its Statesville, N. C. office. Her primary duties consisted of bookkeeping and secretarial work but, as the sole employee, she performed other tasks as well, including running personal errands for Mr. Kivett, cleaning the office, dispos-

ing of trash, and tending to various decorative plants which she and Mr. Kivett kept in the office. Her normal working hours were from 9:00 to 5:00. She was paid $250 per week and was provided a tank-full of gas each month as reimbursement for the business use of her personal automobile.

Mr. Kivett decided to close the Statesville office, effective 31 August 1984, and made arrangements to lease the space to a new tenant beginning 1 September. Since this decision resulted in the termination of plaintiff's job, Mr. Kivett agreed to pay plaintiff her regular salary through the end of 1984 as severance pay. Because he would not be in the office on 31 August 1984, Mr. Kivett instructed plaintiff to pack the office materials and clean and close the office. Mr. Kivett also asked plaintiff to dispose of the plants, except for one which he wanted to keep. He did not tell plaintiff what to do with the plants, but was aware that she was likely to take them to her own home. This was, in fact, what plaintiff did plan to do.

Before leaving her home to go to work on the morning of 31 August 1984, the plaintiff stood on a chair and drove a large nail into her porch. She intended to hang a device, called a single tree, on the nail, from which she would hang the plants from the office. At about 3:00 that afternoon, plaintiff put the plants into her car and drove to her home, intending to hang the plants quickly and then return to the office to complete her work. She chose that time because her daughter would be at home and available to help her hang the plants. Plaintiff testified that had she waited until after work to take her plants home, her daughter would have gone to work and, since plaintiff's husband was out of town, no one would have been available to assist her in hanging the plants.

Upon arriving at her home, plaintiff stood on a chair and hung the single tree on the nail. She stepped down from the chair and noticed that the single tree was crooked. She climbed back onto the chair in order to straighten the device and fell to the cement floor, injuring her hip. After being admitted to the hospital, she made telephone arrangements for others to do the tasks which she had not completed at her employer's office.

Plaintiff applied for workers' compensation benefits. Deputy Commissioner Rush found facts essentially as stated above and

concluded the plaintiff's accidental injury "did not arise out of and in the course of her employment." Her claim for benefits was denied. The Full Commission, with Commissioner Clay dissenting, affirmed the Opinion and Award of Deputy Commissioner Rush. Plaintiff appeals.

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe by Thomas E. Williams for defendant appellee.*

MARTIN, Judge.

There is no dispute with respect to the facts found by the Commission. The only question involved in this appeal is whether the Commission properly found and concluded that plaintiff is ineligible for workers' compensation benefits because her accidental injury did not arise out of and in the course of her employment. We affirm.

In order for an injured employee to be eligible for workers' compensation benefits for accidental injury, the claimant must prove that the injury arose out of the employment and that it occurred in the course of the employment. G.S. 97-2(6); *Hoyle v. Isenhour Brick & Tile Co.*, 306 N.C. 248, 251, 293 S.E. 2d 196, 198 (1982). Both elements—i.e., "arising out of" employment and "in the course of" employment—must be satisfied or compensation will be denied the injured employee. *Hoyle, supra.* Although interrelated, each of these elements has a distinct meaning: "[t]he term 'arising out of' refers to the origin or cause of the accident, and the term 'in the course of' refers to the time, place and circumstances of the accident." *Id.*

An injury arises out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of the risks thereof, so that there is some causal relation between the injury and the performance of some service of the employment. *Id.* at 252, 293 S.E. 2d at 198, *quoting Perry v. Bakeries Co.*, 262 N.C. 272, 273-74, 136 S.E. 2d 643, 645 (1964). It has been held that the test of whether an accidental injury "arises out of" the employment is whether a contributing proximate cause of the injury was a risk inherent or incidental to

the employment and one to which the employee would not have been equally exposed apart from the employment. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977).

An injury occurs "in the course of" the employment "when the injury occurs during the period of employment at a place where an employee's duties are calculated to take him; and under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business." *Powers v. Lady's Funeral Home*, 306 N.C. 728, 730, 295 S.E. 2d 473, 475 (1982).

Applying these well established principles to the facts of the present case, it is apparent that plaintiff's unfortunate accident neither arose out of her employment nor occurred in the course thereof. Although she had been instructed by her employer to dispose of the plants, her decision to take them to her home and hang them on her porch during working hours was motivated by purely personal considerations, i.e., the availability of someone to assist her. But for this reason, she would not have made the trip, and therefore she cannot be said to have been engaged in an errand undertaken in furtherance of her employer's business. *See Ridout v. Rose's Stores, Inc.*, 205 N.C. 423, 171 S.E. 642 (1933). Moreover, plaintiff's act in standing on a chair on her front porch in order to adjust the device upon which she intended to hang the plants was clearly an act undertaken for her own benefit and not "for the benefit of [her] employer 'to any appreciable extent,'" a fact determinative of compensability. *Hoffman v. Truck Lines, Inc.*, 306 N.C. 502, 506, 293 S.E. 2d 807, 810 (1982). The incidental benefit accruing to J. K. Holding Company—the disposition of the plants so that it could vacate its office—was not so appreciable as to render plaintiff's aesthetic positioning of the plants at her home sufficiently work related as to justify compensation. Finally, plaintiff's employment with J. K. Holding Company did not enhance in any manner the risk that she might fall from a chair at her home, nor was such a risk incidental or inherent to her employment.

We are cognizant that the Workers' Compensation Act is to be construed liberally, to the end that "benefits . . . should not be denied by a technical, narrow, and strict construction." *Roper v.*

*J. P. Stevens & Co.*, 65 N.C. App. 69, 73, 308 S.E. 2d 485, 488 (1983), *disc. rev. denied*, 310 N.C. 309, 312 S.E. 2d 652 (1984). However, even a most liberal construction of the Act does not allow or require the Industrial Commission to view the evidence unrealistically. The evidence in this case overwhelmingly supports a finding that the plaintiff was engaged in a purely personal activity when the accident occurred. Accordingly, the Opinion and Award of the Industrial Commission is

Affirmed.

Judge ARNOLD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the majority takes too narrow a view of plaintiff's employment, the activity that brought about her injury, and G.S. 97-2(6). The task that plaintiff's boss assigned her, clearing out the office and getting rid of the plants that adorned it, was certainly for the employer's benefit and how the task was carried out was left to her discretion with the knowledge and expectation that she would take some of the plants home and hang them up, since they were *hanging* plants. She was at the halfway mark in performing the task when she was injured. For the task did not end when she and the plants left the office, or even when they arrived at her home; it included removing the plants from the office, taking them somewhere, disposing of them as she saw fit, and returning to the office if the work day was not over and other work remained to be done, as was the case. If the accident had occurred in taking the plants from the office to the car, or in lifting them out of the car, or on the way to her home, or on the way back to the office, the injury would have been compensable though all of these acts were merely incidental to the task assigned of getting rid of the plants. Yet the majority holds that plaintiff's injury is not covered by the Act though the accident occurred while she was actually getting rid of the plants, the ultimate task she was told to do. The employer received the same benefit from plaintiff hanging the plants on her porch—the disposition of the plants—as it would have received if she had put

them in a garbage dump or given them to a stranger; and that plaintiff also received a benefit from the method of disposition that she was free to select is in my opinion beside the point. In my view plaintiff's injury arose out of and in the course of her employment, and the Commission's finding and conclusion to the contrary was error.