SUSAN McBRIDE, EMPLOYEE v. PEONY CORPORATION, EMPLOYER, AND
AETNA CASUALTY & SURETY COMPANY, CARRIER

No. 8610IC481

(Filed 3 February 1987)

1. **Master and Servant § 60.4— workers' compensation—supervisor's errand—company sponsored gathering—findings supported by evidence**

   In a workers' compensation case arising from an injury incurred when plaintiff and a supervisor stopped on the way to a company gathering to look at a trailer for rent for the supervisor's brother, the evidence supported the Industrial Commission's findings that plaintiff and her supervisor had had an argument which resulted in plaintiff announcing she was quitting, that one purpose of the trip was to make up for the earlier incident and alleviate office tensions, and that plaintiff was instructed by her employer to stop the car to look at the trailer.

2. **Master and Servant § 60.4— special errand—dual purpose—injury compensable**

   The Industrial Commission did not err in a workers' compensation case by finding that plaintiff sustained an injury arising out of and in the course of her employment and was entitled to benefits where plaintiff was injured while running errands for her supervisor on the way to a company gathering. The trip was compensable under the special errand and dual purpose rules.

APPEAL by defendants from Full Commission. Opinion and Award entered 26 November 1985. Heard in the Court of Appeals 25 September 1986.

*J. Tyrone Browder for plaintiff appellee.*

*Smith, Helms, Mulliss & Moore by Caroline Hudson for defendant appellants.*

COZORT, Judge.

Plaintiff suffered a broken ankle when she slipped while walking down a hill with her employment supervisor to look at a trailer the supervisor thought her brother might be interested in renting. The accident occurred at about 4:00 p.m. while the plain-

tiff and her supervisor, who was the president of the defendant corporation, were on their way to have a few drinks "to get things back on a good working relationship" after a recent dispute at the work place and also to celebrate the supervisor's birthday, plaintiff's birthday, and the birthday of another employee. The North Carolina Industrial Commission, in a 2-1 decision, concluded that plaintiff sustained the injury arising out of and in the course of her employment and is entitled to benefits under the Workers' Compensation Act. We affirm.

The employer has brought forward five assignments of error for our consideration. Four of the assignments contend that the Commission erred in its findings of fact. The fifth, and most significant, assignment of error is that the Commission erred as a matter of law in concluding that the injury was compensable under the Act.

The only witnesses at the hearing were plaintiff and her supervisor. Plaintiff's testimony tended to show the following:

Plaintiff was hired on 26 June 1984 by Elaine Sommer, the president of Peony Corporation, to work as a keypunch operator for Peony. All of the work was done at Ms. Sommer's home in Germanton, where the business of the employer took place. Plaintiff's normal work week was 30 hours; she worked from 8:00 a.m. to 6:00 p.m. on Tuesday, Wednesday and Thursday.

On Tuesday, 31 July 1984, plaintiff reported for work at Ms. Sommer's home at 8:00 a.m. She and Ms. Sommer had a disagreement that morning and plaintiff quit her job. Ms. Sommer called plaintiff later that day and asked her to return to work. Plaintiff returned to work the next day around noon and finished out that day, working approximately six hours. Sometime during that afternoon, Sommer suggested they go out the next afternoon for drinks at Darryl's. This outing was planned to celebrate the birthdays of plaintiff, Sommer, and another Peony Corporation employee. Plaintiff and Sommer planned to leave work around 4:00 p.m. on Thursday. Sommer told plaintiff to make arrangements with her husband or a babysitter to care for plaintiff's young child. Sommer also told plaintiff that she would be paid for her regular hours, 8:00 a.m. to 6:00 p.m.

McBride v. Peony Corp.

The next day, Thursday, plaintiff reported to work at 8:00 a.m. and continued to work until approximately 3:00 or 3:15 p.m. Sommer's husband, who was going to meet them at Darryl's called and wanted Sommer and plaintiff to stop at Hanes Mall (in Winston-Salem) and pick up some of the Sommers' vacation slides. Sommer asked plaintiff to drive so Sommer could ride home that night with her husband. They left Sommer's home in plaintiff's car at approximately 3:15 or 3:20 p.m. At Sommer's request, plaintiff stopped at the Germanton post office so that Sommer could check for mail. On the way to Winston-Salem, going in the direction of Hanes Mall to pick up Sommer's vacation slides, they passed a sign that said "trailer for rent." Sommer asked plaintiff to turn the car around to go look at the trailer because her brother was moving to town and needed a place to live.

Plaintiff then turned the car around and returned to the area where the trailer was located. At Sommer's request, plaintiff got out of the car and started walking with Sommer towards the trailer. Plaintiff slipped in a wet or muddy area and fell, injuring her ankle. The accident occurred a little after 4:00 p.m. Sommer then drove plaintiff to Sommer's home, where she called plaintiff's husband to come get her. About 6:00 p.m., plaintiff went to Med-First in Winston-Salem for treatment. Surgery was performed on her ankle the next day.

Plaintiff did not return to work. She received a paycheck for the week in question covering only 14 hours. Plaintiff never cashed the check.

Plaintiff testified that while she worked for Peony she had made one other trip away from the work place. Sommer had asked plaintiff about different campsites and swimming areas in anticipation of her brother's visit. Plaintiff and Sommer left Sommer's home around 2:00 or 3:00 p.m. one afternoon so that plaintiff could show Sommer a swimming area near plaintiff's home. Plaintiff testified she was paid regular wages through 6:00 p.m. for that day.

Sommer testified that she is president of Peony Corporation, a business services company providing tax work and other accounting functions. Plaintiff had an absenteeism problem which they had discussed several times. Plaintiff was never paid for

hours she did not work. Out of her six weeks of employment, plaintiff worked a 30-hour week only twice.

Sommer testified that the trip to the swimming area took place on a day that plaintiff was not scheduled to work. They looked at possible office space that afternoon and were together about four and a half hours. Plaintiff was not paid for those hours.

Sommer testified that the invitation to Darryl's was very impromptu and open-ended. She never told plaintiff she would be paid for the time they were at Darryl's. According to Sommer, it never came up in the discussion. They left her home a little before 4:00 p.m. to go to Darryl's. Plaintiff offered to drive because she owed Sommer some money for a cassette.

Sommer testified that stopping at the trailer was in no way connected with the Peony Corporation business. She also testified she did not ask plaintiff to get out of the car to see the trailer.

Sommer testified that the incident of Tuesday, 31 July 1984, was not really an argument. She lost her temper after telling plaintiff to stay away from the machine on three occasions. Plaintiff left, without quitting, and later returned; and they patched up their differences. When plaintiff returned to work the next day, she proposed going to get drinks to celebrate all the birthdays, an informal gathering to cement the relationships of all who worked at Peony. She was eager to get things back on a good working relationship.

The Commission concluded that plaintiff's injury arose out of and in the course of her employment, and ordered that the case be reset to determine all issues pertaining to compensation and other benefits due the plaintiff.

[1]   We first turn to employer's first three assignments of error challenging certain findings of fact made by the Commission. Our scope of review is:

> Under the provisions of G.S. 97-86, the Industrial Commission is the fact finding body and the rule under the uniform decisions of this Court is that the findings of fact made by the Commission are conclusive on appeal, both before the Court of Appeals and in this Court, if supported by competent evidence. This is so even though there is evidence

McBride v. Peony Corp.

which would support a finding to the contrary. (Citations omitted.)

> In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) whether or not there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision.

*Inscoe v. Industries, Inc.*, 292 N.C. 210, 216, 232 S.E. 2d 449, 452 (1977); *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760 (1950).

*Hansel v. Sherman Textiles*, 304 N.C. 44, 49-50, 283 S.E. 2d 101, 104 (1981).

The employer first argues that the Industrial Commission erred in finding that the plaintiff and Ms. Sommer had an argument on 31 July 1984 which resulted in the plaintiff's announcing that she was quitting. Plaintiff testified that she quit on Tuesday morning. Sommer testified that they had a disagreement, that she lost her temper with plaintiff, and that plaintiff left. This evidence supports the challenged finding.

In the second assignment of error, employer argues the Commission erred in finding that one of the purposes of the trip to Darryl's was to make up for the incident on July 31 and to alleviate office tensions. Sommer testified that both she and plaintiff were eager to get things back to a good working relationship. She also testified that the invitation to Darryl's was open and impromptu. Sommer testified that the informal gathering was to cement the relationships of all who worked at Peony. We find no merit to employer's argument.

Employer's third assignment of error alleges the Industrial Commission erred in finding that the plaintiff was injured in a fall on the way to a company gathering and that the plaintiff was instructed or directed by her employer to stop the car to look at the trailer. Plaintiff testified that she stopped the car at Sommer's direction. Sommer testified that all three people who worked at Peony would be at Darryl's for drinks. The challenged

finding is supported by the evidence, and we thus find no merit to employer's argument.

[2]    Having found that there is competent evidence to support the challenged findings, we now turn to the major issue in this case, the employer's contention that the Industrial Commission erred in concluding that the plaintiff sustained an injury arising out of and in the course of her employment and is entitled to benefits under the Workers' Compensation Act. To receive benefits under workers' compensation for accidental injury, an injured employee must prove that the injury arose out of the employment and that it occurred in the course of employment. G.S. 97-2(6); *Hoyle v. Isenhour Brick & Tile Co.*, 306 N.C. 248, 251-52, 293 S.E. 2d 196, 198 (1982); *Fortner v. J. K. Holding Company*, 83 N.C. App. 101, 103, 349 S.E. 2d 296, 297 (1986). Each of these elements has a distinct meaning and both must be satisfied. "The term 'arising out of' refers to the origin or cause of the accident, and the term 'in the course of' refers to the time, place, and circumstances of the accident." *Hoyle, supra*, at 251, 293 S.E. 2d at 198.

The Supreme Court, in *Pollock v. Reeves Bros., Inc.*, 313 N.C. 287, 292, 328 S.E. 2d 282, 285-86 (1985), *quoting Hoffman v. Truck Lines, Inc.*, 306 N.C. 502, 506, 293 S.E. 2d 807, 809-10 (1982) stated:

> "[w]hether an injury arose out of and in the course of employment is a mixed question of law and fact, and where there is evidence to support the Commissioner's findings in this regard, we are bound by those findings." *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E. 2d 676, 678 (1980). An appellate court is, therefore, justified in upholding a compensation award if the accident is "fairly traceable to the employment as a contributing cause" or if "any reasonable relationship to employment exists." *Kiger v. Service Co.*, 260 N.C. 760, 762, 133 S.E. 2d 702, 704 (1963). In other words, compensability of a claim basically turns upon whether or not the employee was acting for the benefit of his employer "to any appreciable extent" when the accident occurred. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 452, 85 S.E. 2d 596, 600 (1955). Such a determination depends largely upon the unique facts of each particular case, and, in close cases, the benefit of the doubt concerning this issue should be given to the employee

McBride v. Peony Corp.

in accordance with the established policy of liberal construction and application of the Workers' Compensation Act. *See Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976); *Harden v. Furniture Co.*, 199 N.C. 733, 155 S.E. 728 (1930).

The facts of this case indicate that plaintiff was on a "special errand" for her employer. The "special errand" rule provides that an employee is entitled to benefits under Workers' Compensation if he is injured while performing a special duty or errand for the employer. *See Powers v. Lady's Funeral Home*, 57 N.C. App. 25, 30-32, 290 S.E. 2d 720, 723-25, *rev'd*, 306 N.C. 728, 295 S.E. 2d 473 (1982). Plaintiff was on her way to a company gathering with her supervisor when she was asked to run several errands for Sommer — *i.e.* to go by the post office, to go by the mall to pick up pictures of Sommer's vacation, and to turn the car around and go look at the "trailer for rent."

The employer argues the trip was solely for personal reasons and the two women were acting as friends. The Industrial Commission adopted the Deputy Commissioner's finding that "one of the reasons for this meeting was to alleviate office tensions." That reason is clearly of substantial benefit to the employer. This trip also qualifies as compensable under the dual purpose rule, as stated in *Humphrey v. Laundry*, 251 N.C. 47, 51, 110 S.E. 2d 467, 470 (1959):

"The test in brief is this: If the work of the employee creates the necessity for travel, such is in the course of his employment, though he is serving at the same time some purpose of his own. . . . If however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel was then personal, and personal the risk."

Getting all employees together to celebrate birthdays and cement relationships is a business purpose. Thus, while there were also personal reasons for the trip, the resulting injury is compensable.

The remaining assignment of error by employer alleges that the Industrial Commission erred in finding that the plaintiff has

not returned to work as a result of her injury. Since the Commission has correctly ordered the case reset to be heard on *all* issues pertaining to compensation and benefits, we need not consider that issue at this time.

The Opinion and Award of the Industrial Commission is

Affirmed.

Judges PHILLIPS and PARKER concur.