The Deputy Commissioner denied plaintiff's claim for injury to her left knee on September 28, 1993 when, as a part of her normal job routine she was climbing stairs from the third floor to the fourth floor when her left knee "just went to the left, twisted and popped." Plaintiff felt as though she would fall but was able to catch the hand rail preventing such a fall. The record reflects no evidence to why the left knee twisted and popped. There was nothing on the stairwell to cause such an incident nor was the plaintiff carrying anything in her hand or arms which would cause such incident. The Deputy Commissioner determined that there was no "accident" arising out of the employment which resulted in the injury and therefore denied the claim. The sole legal question presented in this ease is whether plaintiff's injury was the result of an injury by accident which is compensable under the provisions of the North Carolina Workers' Compensation Act, N.C.G.S. § 97-2(6).
The Full Commission has examined the entire record with reference to the plaintiff's allegations of error and has considered the applicable case law. As a result the Full commission has determined that the plaintiff has set forth sufficient grounds to review the evidence, to reconsider the evidence, and to REVERSE the decision of the Deputy commissioner.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Amerisure Insurance Company was the compensation carrier on the risk.
4. At all times, plaintiff was an employee of defendant Moore Regional Hospital, Inc., which was her employer.
5. Plaintiff's average weekly wage may be determined by an Industrial Commission Form 22 Wage Chart, dated January 5, 1994, and marked as Stipulated Exhibit 5.
6. Plaintiff contends that she has been temporarily totally disabled from September 28, 1993 until the present.
7. Employer's Report of Injury to Employee, marked as Stipulated Document 1, is stipulated into evidence.
8. Moore Regional Hospital, Inc., Employee Accident/Exposure Report, marked as Stipulated Document 2, is stipulated into evidence.
9. A recorded statement of plaintiff, marked as Stipulated Document 3, is stipulated into evidence.
10. Plaintiff's response to defendants' interrogatories, marked as Stipulated Document 4, is stipulated into evidence.
11. A group of medical records concerning plaintiff, including the medical records from Dr. Glenn D. Subin, Dr. David Fedder, Moore Rehab and Moore Regional Hospital, are stipulated into evidence.
* * * * * * * * * * *
Based upon the competent, credible evidence in the record, the Full Commission make the following
FINDINGS FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a 31-year-old woman.
2. Since August 30, 1993 plaintiff had been employed at Moore Regional Hospital as a security officer. Plaintiff's duties with defendant-employer were keeping the grounds safe and secure, unloading ambulances, and "roaming around the hospital to make sure everything [was] okay."
3. Plaintiff's duties with defendant-employer also included monitoring the cameras located on the fourth floor. To get to the fourth floor, plaintiff had to climb stairs from the third to the fourth floor.
4. On September 28, 1993, as a part of her normal job routine, while climbing the stairs from the third floor to the fourth floor, plaintiff's left knee "just went to the left, twisted and popped."
5. Plaintiff then felt as if she would fall; however, since her hand was on the rail, plaintiff was able to stop herself from falling.
6. Plaintiff does not know why her leg went to the left, twisted and popped; she did not slip, trip or fall. There was nothing on the stairs to cause the incident. At that time, plaintiff was carrying nothing but a radio which was hooked onto her belt, which did not cause her incident.
7. However, as plaintiff placed her left foot an the next rising step, her left knee "just went to the left, twisted and popped." This occurrence constitutes an interruption in plaintiff's normal work routine.
8. As a result of her incident on September 28, 1993, plaintiff was seen by Dr. Glenn D. Subin, Dr. David Fedder, Moore Rehab and Moore Regional Hospital. Plaintiff testified and the medical records corroborate that she had never had problems with her knee prior to September 28, 1993.
9. After the incident in the stairwell, plaintiff worked on September 30, October 1, and October 4, 1993. Thereafter plaintiff did not return to work and was terminated on October 21, 1993.
10. On September 28, 1993 plaintiff was still on a probationary period of ninety days, which is customary for all new employees at defendant-employer. On October 21, 1993 defendant-employer terminated plaintiff for excessive absenteeism during her probationary period following the incident of September 28, 1993.
11. Subsequently, plaintiff underwent arthroscopic surgery on her left knee. As a result of her surgery on her left knee, plaintiff has a ten percent permanent partial disability of the left leg.
12. Plaintiff was released to return to work on February 22, 1994 by Dr. Fedder. There is no evidence in the record to indicate whether plaintiff has indeed returned to work in any capacity since that time.
13. Plaintiff's average weekly wage, as determined by the Form 22, was $224.40 per week, which yields a compensable rate of $149.60.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Plaintiff's knee giving out and popping and twisting as she walked up the stairs while performing her normal work duties constitutes an interruption of plaintiff's normal work routine which introduced an unusual condition likely to result in unexpected consequences. N.C.G.S. § 97-2(6).
2. Where the cause of the accident is unexplained but the accident is a natural and probable result of a risk of the employment, the finding of the Industrial Commission that the accident arose out of the employment will be sustained. Battle v.Bryant Electric Co., 15 N.C. App. 246, 189 S.E.2d 788, cert.denied, 281 N.C. 755, 191 S.E.2d 353 (1972).
3. An injury arises out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some service of the employment. Clark v. Burton Lines, 272 N.C. 433,158 S.E.2d 569 (1960); Fortner v. J.K. Holding Co., 83 N.C. App. 101,349 S.E.2d 296 (1986), aff'd, 319 N.C. 640, 357 S.E.2d 167 (1987).
4. Compensability of a claim basically turns upon whether or not the employee was acting for the benefit of his employer to any appreciable extent when the accident occurred. Such a determination depends largely upon the unique facts of each particular case; in close cases, the benefit of the doubt concerning this issue should be given to the employee in accordance with the established policy of liberal construction and application of the Workers' Compensation Act. Hoffman v. RyderTruck Lines, 306 N.C. 502, 293 S.E.2d 807 (1982).
5. Under the case law as hereinabove set forth, the plaintiff in the present case suffered an accident arising out of and in the course of her employment. N.C.G.S. § 97-2(6).
6. For the period of time within which plaintiff has been unable to work as a result of her compensable injury by accident, she has been temporarily totally disabled. N.C.G.S. § 97-29. If the facts are such that plaintiff has been able to return to work at the same or greater wages, plaintiff would at that point be permanently partially disabled, as she has been rated as having a disability resulting from the accident an September 28, 1993. N.C.G.S. § 97-30.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff at the rate of $149.60 per week from October 5, 1993 until the present time, or until such time as plaintiff returned to work. All compensation that has accrued shall be paid in one lump sum, and shall be subject to the attorney's fee hereinafter awarded.
2. Should it be ascertained that plaintiff has not returned to work, defendants are hereby ordered to pay continuing temporary total disability payments until such time as plaintiff returns to work. It should be noted that plaintiff has been released to return to work with no restrictions.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her compensable injury by accident, including the cost of the surgery to her knee.
4. Plaintiff's attorney shall receive twenty-five percent of the lump sum herein ordered to be paid by the defendant, and every fourth check thereafter pending termination of this case as herein provided.
4. Defendant shall bear the costs.
This the 13th day of April, 1995.
FOR THE FULL COMMISSION
 S/ ________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ __________ COY M. VANCE COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
JJB:mj
4/5/95