The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commission Scott Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award. Accordingly, the Opinion and Award by Deputy Commissioner Scott Taylor is affirmed. Defendant's Motion for a new hearing to take additional evidence or for the Commission to receive further evidence is DENIED.
Each time the parties requested an extension of time to complete the record, Deputy Commissioner Taylor granted their request; there is no showing that defendant could not have received additional time when the Deputy Commissioner let it be known that he was closing the record.
Additionally, if defendants have evidence that some of the compensation should be offset because plaintiff worked for some periods of time they should review this evidence with the plaintiff's counsel and an offset should be made. If satisfaction cannot be obtained in this manner, defendants should make a motion in the cause.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the hearing of the above-captioned matter, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff's average weekly wage may be determined by an Industrial Commission Form 22 Wage Chart.
4. Maryland Insurance Company is the compensation carrier on the risk.
5. Medical records from Edmund R. Campion, M.D., concerning plaintiff, are stipulated into evidence.
6. Stipulated Document 1, which consists of a two page accident report, is stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. Plaintiff is a 30 year old man with a high school education. Plaintiff's total employment history consists of construction and roofing labor.
2. Plaintiff's employment includes roofing work performed for defendant-employer as well as other subcontractors.
3. While on a roofing job for defendant-employer on 30 April 1994, plaintiff's supervisor became injured and required medical assistance. Plaintiff's supervisor requested plaintiff to take him to the hospital.
4. In the process, plaintiff became involved in an automobile accident which resulted in disabling feet, leg, and facial injuries. Specifically, plaintiff sustained bilateral calcaneal fractures, a fracture of the tibial plateau, and an anterior cruciate ligament injury with tears to both the medial and lateral menisci, which required corrective surgery.
5. As a result of these injuries, plaintiff sought medical treatment beginning 30 April 1994 with Dr. Edmund Campion of Wake Medical Center. At that time, plaintiff was unable to return to work because of his injuries.
6. After plaintiff's discharge from the hospital, his financial and medical situation required him to move to his mother's home in California where he received follow-up care.
7. Once plaintiff became ambulatory, plaintiff returned to North Carolina and the care of Dr. Campion. Plaintiff is in need of further medical treatment prior to attaining maximum medical improvement.
8. To date, plaintiff has not been released for any type of work. This assessment cannot be made until medical treatment is complete. Plaintiff remains incapable of earning wages with defendant-employer or in any other employment as a result of his incident on 30 April 1994.
9. Plaintiff's average weekly wage was $1,115.66 at the time of the injury, which is sufficient to yield the maximum compensation rate of $466.00.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 30 April 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2 (6). Ordinarily, an employee injured in an automobile accident while on his way home from work is not within the course of employment. Wright v. Wake CountyPublic Schools, 103 N.C. App. 282, 405 S.E.2d 228 (1981). Here, however, plaintiff was on a special errand for the benefit of his employer. His supervisor suffered an on the job injury and needed to be taken to the hospital. Plaintiff's driving of the supervisor to the hospital was a special errand that benefited the employer in that prompt medical treatment is important in Workers' Compensation injuries just as it is in any injury. McBride vs. Peony Corp.,84 N.C. App. 221, 352 S.E.2d 236 (1987).
2. As a result of his compensable injury, plaintiff is entitled to temporary total disability compensation beginning 30 April 1994, at the weekly rate of $466.00 per week, and continuing until further Order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. G.S. § 97-29.
3. As a result of his compensable injury on 30 April 1994, plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, as a result of his compensable injury.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of Deputy Commissioner Scott Taylor and enters the following:
AWARD
1. For his temporary total disability compensation, defendants shall pay plaintiff temporary total disability compensation at the rate of $466.00 per week, beginning 30 April 1994, and continuing until further Order of the Industrial Commission. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in Paragraph 3. Offset shall be made for any weeks plaintiff is shown to have received wages.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury, when bills for the same shall have been submitted to defendant-carrier for payment.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER