Upon review of the competent evidence of record with respect to the errors assigned, the Full Commission finds good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 22 July 1998 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant at all relevant times.
3. March Development Corporation is self-insured with RISCORP as the servicing agent.
4. The date of plaintiff's alleged injury by accident was 21 May 1994.
5. Plaintiff's average weekly wage at all relevant times was sufficient to yield the maximum compensation rate for 1994 of $466.00.
6. A bound and indexed set of medical records was stipulated to by the parties.
***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed with defendant as a real estate sales associate.
2. As a real estate sales associate, plaintiff's duties included adhering to the monthly floor duty schedule, attending weekly sales meetings, and participating in open houses. A schedule was prepared on a monthly basis indicating who had primary floor duty and who had back up duty. When plaintiff was assigned floor duty, she was required to be at the office during the day and to take a business telephone home with her at night to answer incoming calls. When plaintiff was not assigned to either the primary or backup floor duty, she was not required to be in the office. The remainder of plaintiff's duties involved preparing listing agreements, showing houses and writing purchase contracts.
3. Plaintiff was permitted to set her own schedule for showing houses and for closings. There were no rules or procedures set by defendant for meeting potential clients. Plaintiff would meet clients at the office, at their home, or at the property she was showing.
4. Plaintiff was not on floor duty on 21 May 1994. She was not scheduled to be in the office. On that date, she had arranged an appointment to meet her clients, Mr. and Mrs. Medness, at defendant's office located at 4200 Morganton Road in Fayetteville. Plaintiff had previously listed the Medness' home for sale, the home had sold, and plaintiff was in the process of finding them a new home. On 21 May 1994, plaintiff intended to meet her clients at defendant's office and then travel with them to look at potential homes.
5. Plaintiff had set the meeting at the office because she and the clients lived on opposite sides of town and the office was a convenient location to meet. Plaintiff had already researched and located several potential homes and had arranged appointment to show those residences. But for the appointment to meet her clients, plaintiff would not have been traveling from her home to defendant's office. Her job duties on 21 May 1994 did not require her to be in the office.
6. The nature of plaintiff's employment with defendant included traveling in her personal vehicle to meet clients at various locations. This travel was to the mutual benefit of plaintiff and defendant.
7. Traveling to and from clients' homes, prospective properties, and defendant's office was an essential part of plaintiff's duties for defendant. This travel was incident to and contemplated as part of plaintiff's employment with defendant. Her job with defendant exposed her to the risks of travel.
8. On 21 May 1994, plaintiff proceeded directly from her home to defendant's office. During her drive to the office, without making any detours or personnel errands, plaintiff was involved in an automobile accident in which she sustained personal injuries. The automobile being operated by plaintiff was owned and maintained by her.
9. Plaintiff's travel from her home to meet clients at defendant's office on 21 May 1994 was an incident of her employment with defendant.
10. On 21 May 1994, plaintiff was performing a special errand for the benefit of defendant by meeting her clients at a specified location in order to travel to prospective homes.
11. On 21 May 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant.
12. Further hearing is necessary regarding the compensable consequences of plaintiff's injury.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Accidents occurring while coming and going to and from work are not generally compensable. However, plaintiff's injury arose out of and in the course of her employment with defendant because traveling to meet clients at various locations was an integral part of her job, and thus the job exposed her to the risks of travel. G.S. § 97-2(6); Warren v. City of Wilmington,43 N.C. App. 748, 259 S.E.2d 786 (1979). Similarly, plaintiff's injury occurred while she was performing a special errand for the benefit of defendant. G.S. § 97-2(6); Kirk v. State of N.C. Dept.of Correction, 121 N.C. App. 129, 65 S.E.2d 301 (1995).
2. On 21 May 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. G.S. § 97-2(6).
3. There is insufficient evidence of record upon which to determine the extent of plaintiff's disability and the compensation to which she is entitled. G.S. § 97-2 et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. This case is hereby REMANDED to a deputy commissioner for a hearing to determine the extent of plaintiff's disability and the compensation to which she is entitled.
2. Defendants shall pay the costs.
This the ___ day of August 1999.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER